**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| KITSON B. JARVIS, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 2014-0010 |
| JULIUS WILSON, Director of BOC, and ) | |
| BASIL RICHARDS, Warden, Golden Grove ) | |
| Adult Correctional Facility, ) | |
| Defendants. ) | |

**Appearances:**
**Kitson B. Jarvis,** *Pro Se*
Lecanto, FL

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") submitted by Magistrate Judge George W. Cannon, Jr., on February 28, 2017. (Dkt. No. 6). In his R&R, the Magistrate Judge recommends that Petitioner Kitson B. Jarvis' ("Jarvis") Petition for Writ of Habeas Corpus ("Habeas Petition" or "Petition") (Dkt. No. 1) be dismissed. For the reasons that follow, the Court will accept the Magistrate Judge's R&R, as modified as stated herein, and will dismiss Jarvis' Habeas Petition with prejudice for failure to prosecute.

Jarvis' Habeas Petition is dated March 18, 2014 and was filed on the Court's docket on March 24, 2014, together with a Motion for Leave to Proceed *In Forma Pauperis*. (Dkt. Nos. 1, 2). The signature line in Jarvis' Petition displays his mailing address as: CCA/Citrus County Detention Facility, 2604 West Woodland Ridge Dr., Lecanto FL, 34461. (Dkt. No. 1 at 4).

Magistrate Judge Cannon denied Jarvis' Motion to Proceed *In Forma Pauperis* without prejudice in light of Jarvis' failure to submit necessary financial documentation in support of his Motion. (Dkt. No. 3). The Magistrate Judge directed the Clerk of Court to mail Jarvis a copy of the Order and an Application to Proceed in District Court Without Prepaying Fees or Costs. *Id.* at 1. The Order and Application were mailed to Jarvis at the CCA/Citrus County Detention Facility—the address indicated on Jarvis' Habeas Petition—and were subsequently returned as undeliverable on April 9, 2015. (Dkt. Nos. 4, 5).[1]

Following a review of the docket, the Magistrate Judge entered an R&R on February 28, 2017. The R&R explains that Jarvis has not notified the Court regarding his current location and mailing address, and has submitted neither an appropriate application to proceed *in forma pauperis* nor, alternatively, the requisite District Court filing fee. (Dkt. No. 6 at 1). The R&R therefore recommends that Jarvis' Habeas Petition be dismissed. *Id.* at 2. A copy of the R&R—which explains that any objections to the Magistrate Judge's recommendations must be filed within 14 days of its receipt—was mailed to Jarvis at his only known address at the CCA/Citrus Country Detention Facility by certified mail, return receipt requested. (Dkt. No. 7). It was returned unsigned on March 27, 2017. (Dkt. No. 8).

In light of the foregoing, the Court finds that dismissal of Jarvis' Habeas Petition is appropriate here in light of his failure to prosecute this case. "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Hall v. Holman*, 2007 WL 2049776, at *2 (D. Del. July 12, 2007), *aff'd*, 265 F. App'x 135 (3d Cir. 2008) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626,

---

[1] The Court's mailing was returned bearing an annotation reading: "Refused Unable to Forward."

630-31 (1962)). Courts should consider the factors set forth in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), in deciding whether to dismiss a case with prejudice for failure to prosecute. *Reshard v. Lankenau Hosp.*, 256 F. App'x 506, 507 (3d Cir. 2007). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis*, 747 F.2d at 868) (emphases in original omitted). Courts are generally required to balance these considerations, although where "a litigant's conduct makes adjudication of the case impossible . . . such [formal] balancing under *Poulis* is unnecessary." *Hall*, 2007 WL 2049776, at *2 (citing *Guyer v. Beard,* 907 F. 2d 1424, 1429–30 (3d Cir. 1990); *Spain v. Gallegos,* 26 F.3d 439, 454–55 (3d Cir. 1994)).

In any event, the applicable *Poulis* factors weigh in favor of dismissal under the circumstances here. Jarvis has failed to keep the Court apprised of his whereabouts and current mailing address. As a consequence, the Court's Orders have been returned undelivered. Jarvis therefore bears the responsibility for his failure to respond to the Magistrate Judge's Order—which the Court attempted to deliver to Jarvis in March 2015—directing Jarvis to file an appropriate application to proceed *in forma pauperis*. Although Defendants have not entered an appearance in this case, the sheer length of the delay here suggests prejudice to Defendants. Jarvis has submitted nothing to the Court to suggest that he intends to proceed with this case since his initial filings in March 2014—thus demonstrating a history of dilatoriness. While there is no indication that Jarvis has acted in bad faith, the absence of any filing from Jarvis in approximately four-and-one-half years strongly suggests that he has abandoned his claims. Further, because the Court is unable to

contact Jarvis due to his failure to apprise the Court of his current mailing address, the Court finds that imposition of a sanction other than dismissal would not be effective here. Finally, because Jarvis has failed to take even the most elementary steps to advance his claims—*i.e.*, the filing of an appropriate *in forma pauperis* application or the payment of the requisite filing fee—the Court is in no position to evaluate the merits of his Habeas Petition. *See Ramada Worldwide, Inc. v. Veer Enters., LLC,* 2013 WL 1314451, at *5 (D.N.J. Mar. 28, 2013) ("The Court declines to address the sixth *Poulis* factor, as it is impossible to evaluate the merits of [defendant's] defenses given his lack of participation in this action.").

In sum, the Court finds that, on balance, the *Poulis* factors weigh in favor of dismissal in light of Jarvis' failure after approximately four-and-one-half years to take any action with respect to this case. There is no requirement that "all *Poulis* factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.,* 843 F.2d 683, 696 (3d Cir. 1988)). Moreover, because Jarvis' failure to apprise the Court of his current mailing address makes adjudication of his case impossible, formal *Poulis* balancing is unnecessary. *Hall*, 2007 WL 2049776, at *2. Accordingly, for the reasons discussed herein, the Court will accept the Magistrate Judge's recommendation that Jarvis' Habeas Petition be dismissed, and will dismiss his Petition with prejudice for failure to prosecute.

An appropriate Order accompanies this Memorandum Opinion.

Date: October 9, 2018

                      _____/s/_____
                      WILMA A. LEWIS
                      Chief Judge